IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE BLAKEY,<br>    Plaintiff, | : <br> : <br> : | |
| V. | : <br> : | Case No. 2:21-cv-572-JDW |
| KEVIN PISTRO,<br>    Defendant. | : <br> : | |

## **MEMORANDUM**

Leslie Blakey, a prisoner incarcerated at FCI-Allenwood, has filed an action against Kevin Pistro, the Warden of FDC-Philadelphia, and an application to proceed *in forma pauperis*. The Court will grant Mr. Blakey leave to proceed *in forma pauperis* based on the showing he has made. The Court will also dismiss his Amended Complaint ("AC"), in part with prejudice and in part without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTUAL ALLEGATIONS

Mr. Blakey alleges that in October 2020, someone at FDC-Philadelphia confined him to his cell for 12 days with no water in his toilet. He also alleges that he tested positive for Covid-19 in November 2020 because the prison did not follow CDC guidelines. In addition, he claims that he gave a prison counselor named "Mrs. Smith" a grievance form and asked her to file it, but she refused to do so and refused to give Mr. Blakey the form. He asserts three injuries: (A) the smell in his cell nauseated him because the toilet backed up; (B) he caught Covid-19; and (C) he could not file appeals of his grievance because Warden Pistro determined that Mr. Blakey had not filed the grievance in the first place. He seeks money damages of $1 million.

## II. STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d

1

Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the Court to apply the the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw al inferences in his favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). Because Mr. Blakey is proceeding *pro se*, the Court must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Leave To Proceed *In Forma Pauperis*

Mr. Blakey has completed the form provided on the Court's website for applications to proceed *in forma pauperis*; he has attested under penalty of perjury that he cannot afford to pay the filing fees; and he has provided a copy of his Prisoner Trust Fund account statement. That information demonstrates that Mr. Blakey lacks the income or assets to pay the required filing fees. The Court will grant him lave to proceed *in forma pauperis*, though he will still have to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

#### B. Plausibility Of The Complaint

##### 1. Claims regarding grievances

"Inmates do not have a constitutionally protected right to the prison grievance process." *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (dismissing *Bivens* claim brought by inmate in federal custody); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Because there is no such right, an inmate cannot pursue a claim based on a prison's

handling of his grievances. The Court will dismiss Mr. Blakey's grievance-related claims with prejudice.

## 2. Claims based on prison conditions and Covid-19

Mr. Blakey's remaining claims, based on the conditions in his cell when he was confined there and on the conditions that led to him catching Covid-19, fail for at least two separate reasons.

*First*, Mr. Blakey has not alleged how Warden Pistro was involved in the conduct that led to his injuries. A government official cannot be liable for the conduct of his subordinates just based on a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead, a plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Because Mr. Blakey has not made any allegations about Warden Pistro's personal involvement, his claim fails.

*Second*, Mr. Blakey has not stated a claim that courts recognize. A claim against a federal official for violation of constitutional rights is called a "*Bivens* action," after the case *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Supreme Court has recognized an implied private action against federal officials in only three cases: (1) *Bivens* itself — "a claim against FBI agents for handcuffing a man in his own home without a warrant" under the Fourth Amendment; (2) "a claim against a Congressman for firing his female secretary" under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and, (3) "a claim against prison officials for failure to treat an inmate's asthma" under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). The Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok v. United States*, 868 F.3d 189, 200 (3d Cir. 2017).

Because expanding *Bivens* is "a 'disfavored' judicial activity," *see Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017), a court must undertake a "rigorous inquiry . . . before implying a *Bivens* cause of action in a new context or against a new category of defendants." *Vanderklok*, 868 F.3d at 200. Given the nature of the claims, including the fact that Mr. Blakey has not alleged what, if anything, Warden Pistro did personally, the Court cannot undertake such an analysis. However, the Court notes that other District Courts in this Circuit have refused to extend *Bivens* to reach "non-medical care conditions of confinement" claims filed by prisoners in federal custody. *Venizelos v. Bittenbender*, Civ. A. No. 19-1219, 2020 WL 7775457, at *7 (M.D. Pa. Dec. 8, 2020), *report and recommendation adopted*, 2020 WL 7773905 (M.D. Pa. Dec. 30, 2020). Because the Court cannot say at this time that it is impossible for Mr. Blakey to assert a plausible *Bivens* claim, the Court will dismiss Mr. Blakey's claims concerning the conditions of his confinement and his Covid-19 infection without prejudice.

## IV. CONCLUSION

Mr. Blakey cannot prevail on his claim concerning grievances. But the Court will give him another chance to plead facts that establish a claim about his conditions of confinement and Covid-19 infection. He must do so within 30 days. An appropriate Order follows.

                                  **BY THE COURT:**

                                  */s/ Joshua D. Wolson*
                                  **JOSHUA D. WOLSON, J.**