IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LESLIE BLAKEY,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     V. | : | Case No. 2:21-cv-572-JDW |
| | : | |
| **KEVIN PISTRO,** | : | |
|     **Defendant.** | : | |

### ORDER

AND NOW, this 29th day of April, 2021, upon consideration of Plaintiff Leslie Blakey's Motion to Proceed *In Forma Pauperis* (ECF No. 7), his Prisoner Trust Fund Account Statement (ECF No. 9), and his *pro se* Amended Complaint (ECF No. 8), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that:

1. The Order filed on April 22, 2021 (ECF No. 6) dismissing this case for failure to prosecute is **VACATED**;

2. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915;

3. Leslie Blakey, # 37600-068, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of FCI-Allenwood or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Blakey's inmate account; or (b) the average monthly balance in Mr. Blakey's inmate account for the six-month period immediately preceding the filing of this case. The Warden of FCI-Allenwood or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Mr. Blakey's inmate trust fund account exceeds $10.00, the Warden of FCI-

Allenwood or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mr. Blakey's inmate account until the fees are paid. Each payment shall refer to the docket number for this case;

    4.    The Clerk of Court is directed to send a copy of this Order to the Warden of FCI-Allenwood;

    5.    The Amended Complaint is deemed filed;

    6.    The claims in the Amended Complaint concerning grievance procedures are **DISMISSED WITH PREJUDICE**;

    7.    The remainder of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**;

    8.    Mr. Blakey may file a second amended complaint on or before June 1, 2021. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Mr. Blakey's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim and shall **<u>not</u>** reassert any claim already dismissed with prejudice. When drafting his second amended complaint, Mr. Blakey should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum. Upon the filing of a second amended complaint, the Clerk shall not make service until the Court orders;

    9.    The Clerk of Court shall send Mr. Blakey a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Mr. Blakey may use this form to file his second amended complaint if he chooses to do so;

10. If Mr. Blakey does not wish to file a second amended complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case; and

11. If Mr. Blakey fails to file any response to this Order, the Court will conclude that Mr. Blakey intends to stand on his Amended Complaint and will issue a final order dismissing this case.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**